IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 6:02-1358-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Curtis A. Beasley, a/k/a Pooh, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Curtis A. Beasley's ("Beasley") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons given below, the court dismisses Beasley's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 3, 2004, Beasley was found guilty after a jury trial to one count of conspiracy to possess with intent to distribute 5 grams or more but less than 50 grams of crack cocaine and one count of distributing or possessing with the intent to distribute 5 grams or more of crack cocaine. On August 16, 2004, Beasley was sentenced to four hundred eight (408) months' imprisonment. Beasley appealed his conviction, and the United States Court of Appeals for the Fourth Circuit affirmed his conviction on July 25, 2007. United States v. Beasley, 495 F.3d 142 (4th Cir. 2007). Beasley filed a petition for a writ of certiorari with the United States Supreme Court, which was denied on March 3, 2008. Beasley v. United States, 128 S. Ct. 1471 (U.S. Mar. 3, 2008) (unpublished). Beasley filed the instant § 2255 motion on February 20, 2009.[1]

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

## II. Discussion of the Law

Beasley alleges that his trial counsel was constitutionally ineffective for numerous reasons. (Beasley's Mem. Supp. § 2255 Mot. 1.) Further, Beasley alleges that the "Government allowed perjured testimony to go uncorrected when its witnesses testified on direct, and it failed to give Petitioner exculpatory evidence before trial or during trial." (Id. 7.) The court will address each claim below.

### A. Ineffective Assistance of Counsel

Beasley alleges that his trial counsel was constitutionally ineffective for failing (1) "to ensure that the Court ruled on [Beasley's] motion for judgment of acquittal"; (2) "to ensure that the jury was instructed on the three different [drug] quantities it could find for Count 1"; (3) "to ensure that the jury was instructed on the two different [drug] quantities it could find for Count 13"; (4) "to ensure that the Court was not the entity that determined the controlled substance for Count 13"; (5) "to appeal the Court's refusal to allow the defense to use a video of one of the Government's witnesses"; (6) "to present evidence in the form of an audio which would have shown that Rhonda Boykins committed perjury during her testimony"; and (7) "to object to the untimely filed 21 U.S.C. Section 851(a) Information." (Id. 1.)

In order to successfully challenge a sentence on the basis of ineffective assistance of counsel, Beasley must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to prove prejudice, Beasley must "show

there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id. at 694.

First, Beasley alleges that his trial counsel was constitutionally ineffective for failing "to ensure that the Court ruled on [Beasley's] motion for judgment of acquittal" made at the close of evidence. This claim is without merit. The court denied Beasley's motion for judgment on acquittal. At the close of the Government's case, Beasley's counsel moved for judgment of acquittal on Count 13. Beasley's counsel stated as follows "Substantive Count Number Thirteen. We asked for a Judgment of Acquittal." (Trial Tr. IV 618.) The court then discussed the merits of Beasley's motion for acquittal on Count 13 alleging there was no evidence that Beasley possessed or distributed crack cocaine. After consideration, the court stated "[t]hat's strong circumstantial evidence that she got [crack cocaine] from [Beasley] that day. So, your motion is denied as to that substantive count." (Id. 620.) At the close of evidence, the defendants were in the process of renewing their motions and the court stated "[e]verybody has the same motions, which are denied on the same basis." (Id. V 667.) Further, the docket reflects that on February 3, 2004, Beasley again moved for a judgment of acquittal after the jury's verdict, which the court denied. Based on the foregoing, the court ruled on Beasley's motion for acquittal. Therefore, Beasley's counsel was not constitutionally ineffective on this basis.

With respect to his second and third ineffective assistance of counsel claims, Beasley alleges that his trial counsel failed to ensure that the jury was instructed on the applicable drug quantity ranges for Count 1 and Count 13. This claim is without merit. The court charged the jury that with respect to count one, "[i]f you find a defendant guilty of conspiracy to distribute or

3

possess with intent to distribute crack cocaine, there will be a space on the verdict form to designate an amount of drugs, if you so find. Remember, this finding, as with all others, must be based upon belief beyond a reasonable doubt." (Trial Tr. Part VI 783.) With respect to count 13, the court charged that "if you find a defendant guilty of distribution or possessing with intent to distribute crack cocaine, there may be a space on the verdict form to designate an amount of drugs. Remember this finding with all others, must be based on belief beyond a reasonable doubt." (Tr. Trans. VI 787-88.)

On the verdict form, the applicable drug ranges for counts 1 and 13 were listed with instructions to the jury that if the jury found Beasley guilty on the respective count, then the jury must select the applicable drug range. Based on the foregoing, the jury was instructed that it was required to designate an amount of drugs with respect to each count on the appropriate space on the verdict form. The verdict form listed the drug ranges applicable to each count and instructed the jury to select one range. Therefore, Beasley's counsel was not constitutionally ineffective for failing to object on this basis as there was no error. Further, Beasley has failed to show how he has been prejudiced by his counsel's failure to object on this basis because the verdict form accurately listed the applicable drug ranges.

Fourth, Beasley alleges that his counsel was constitutionally ineffective for failing "to ensure that the Court was not the entity that determined the controlled substance for Count 13." (Beasley's Mem. Supp. § 2255 Mot. 3.) As a result, Beasley alleges that his sentence violates Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), because it exceeded the thirty- year statutory maximum "he could have received for the least amount of cocaine base, less than 5 grams." (Beasley's Mem. Supp. § 2255 Mot. 6.) This argument is without merit. The United States

4

Supreme Court, in Apprendi, held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. "[A] jury, rather than a trial court, must determine the threshold drug quantity used to establish a defendant's statutory sentencing range under [21 U.S.C.] § 841(b)." United States v. Brooks, 524 F.3d 549, 558 (4th Cir. 2008).

Beasley was charged in count 1 with conspiracy to possess with intent to distribute 50 grams or more of crack cocaine. The jury found Beasley guilty of conspiracy to possess with intent to distribute 5 grams or more but less than 50 grams of crack cocaine. In count 13, Beasley was charged with distributing or possessing with the intent to distribute 5 grams or more of crack cocaine and the jury found Beasley guilty of this charge. Beasley's argument fails because his 408 months' sentence does not exceed the maximum sentence set forth in the applicable statutes. Based on the jury's verdict on counts 1 and 13, Beasley was subject to a maximum sentence of life under the applicable statutes, 21 U.S.C. § 841(b)(1)(B) and 21 U.S.C. § 851, for Count 1 and a maximum sentence of forty years set forth in the applicable statute, 21 U.S.C. § 841(b)(1)(B), for Count 13. Therefore, Beasley's counsel was not constitutionally ineffective for failing to object to the court's determination regarding the drug quantity because Beasley's sentence did not violate Apprendi.

Fifth, Beasley argues that his counsel was constitutionally ineffective for failing to appeal the court's refusal to admit into evidence a video showing a confidential informant, Rhonda Boykins ("Boykins"), allegedly smoking crack cocaine six weeks prior to her trial testimony. (Beasley's Mem. Supp. § 2255 Mot. 5.) Beasley alleges that Boykins was the only

5

person who testified about Beasley's involvement in Count 13. Therefore, admission of the video would have destroyed Boykins' credibility and "probably would have helped [Beasley] to be found not guilty." (Id. 6.)

The jury was not allowed to view the video. Counsel moved to admit into evidence pictures of Boykins smoking crack cocaine. The court sustained the Government's objection based on relevance because Boykins admitted that she was a crack cocaine user. (Tr. Trans. Vol. III 253.) Beasley alleges that the video shows Boykins smoking crack cocaine one week before trial. (Beasley's Mem. Supp. § 2255 Mot. 5.) The video, like the pictures of Boykins smoking crack, was not relevant and was cumulative evidence because Boykins admitted during her testimony that she was a crack cocaine user. (Tr. Trans. Vol. III 253.) Therefore, an appellate argument based on this issue would have been without merit, and counsel's decision not to raise the issue on appeal was reasonable. "[C]ounsel is not deficient for failure to raise a legally meritless claim on appeal." Moultrie v. United States, 147 F. Supp. 2d 405, 409 (D.S.C. 2001). Further, the decision regarding which issues to present on appeal is a strategic decision left to the reasonable discretion of the appellate attorney, and there is no "duty to raise every colorable claim suggested by a client." Jones v. Barnes, 463 U.S. 745, 754 (1983) (internal quotation marks omitted). Based on the foregoing, Beasley fails to demonstrate that counsel's decision not to appeal this issue was objectively unreasonable. Further, Beasley's allegations fail to show that this alleged error prejudiced him.

Sixth, Beasley submits that counsel was constitutionally ineffective for failing to present into evidence an audio which shows that Boykins offered perjured testimony. (Beasley's Mem. Supp. § 2255 Mot. 6.) "To succeed in his ineffective assistance of counsel claim, [Beasley]

must overcome the presumption that the challenged action may be considered an appropriate and necessary . . . strategy under the circumstances." Bell v. Evatt, 72 F.3d 421, 429 (4th Cir. 1995). Beasley alleges that Lisa Talley ("Talley") secretly recorded Boykins at the request of some of the defendants in this case. Allegedly, in the audio, Boykins tells Talley that she continues to use drugs and engage in prostitution for drugs contrary to her testimony at trial. (Id.) Beasley's counsel asked Boykins the following:

    Q. Do you know a lady by the name of Lisa Tally [sic]?

    A. Yes, I do.

    Q. Have you and Lisa Tally [sic] been in the same crack house together?

    A. Yes, we have.

    Q. Were you in the same crack house on January 16th, just a few weeks ago, smoking crack before this trial?

    A. No, sir.

(Tr. Trans. IV 250.) Further, although Beasley's counsel did not ask Boykins on cross-examination if she engaged in prostitution, on a subsequent cross-examination by a co-defendant's counsel, Boykins denied that she had "sex with drug dealers." (Tr. Trans. IV 257.)

    Beasley has submitted no evidence that the audio would have been admissible or that its authenticity could have been established. Further, Talley could not have testified as to its authenticity because the court barred Talley from testifying for ignoring the court's sequestration order. (Tr. Trans. V 627.) In addition, Boykins admitted during trial that she was a crack cocaine user. Therefore, the audio was irrelevant. Based on the foregoing, this claim is without merit. Beasley's counsel was not objectively unreasonable in failing to present the audio tape

and Beasley has failed to show how he has been prejudiced by his counsel's failure to present this evidence.

Lastly, Beasley argues that his counsel was constitutionally ineffective for failing to object to the untimely filing of the 21 U.S.C. § 851 information. Beasley's sentence was enhanced based on his prior convictions. Section 851(a) provides that no person "shall be sentenced to increased punishment by reason of one or more prior convictions, unless <u>before trial</u> . . . the United States attorney files an information," listing the predicate convictions. (Emphasis added.) The § 851 information was filed on January 12, 2004, after jury selection on January 6, 2004, but prior to the beginning of trial and the swearing of the jury on January 28, 2004. The court finds that the § 851 information was filed before trial. Therefore, Beasley's counsel had no basis to object. Therefore, Beasley's counsel was not constitutionally ineffective for failing to object that the § 851 information was not timely filed.

### B. Prosecutorial Misconduct and <u>Brady</u> Claim

In his second claim, Beasley alleges that the Government engaged in prosecutorial misconduct in allowing perjured testimony. Further, Beasley alleges that the Government violated <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), in failing to disclose exculpatory evidence. Beasley did not raise these claims on appeal. In general, a § 2255 motion "will not be allowed to do service for an appeal." <u>Sunal v. Large</u>, 332 U.S. 174, 178 (1947). Thus, when a "defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a federal habeas proceeding only if the defendant can show both cause for and actual prejudice from the default, or that he is actually innocent." <u>United States v. Harris</u>, 183

F.3d 313, 317 (4th Cir. 1999) (citation omitted). Beasley has failed to show cause or prejudice for failure to raise these claims on appeal.

In addition, Beasley's prosecutorial misconduct claim fails on the merits. In reviewing a claim of prosecutorial misconduct, the court must determine whether "the conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002) (internal quotation marks omitted). "Generally, due process is denied if the government knowingly uses perjured testimony against the accused to obtain a conviction." United States v. Griley, 814 F.2d 967, 970-71 (4th Cir. 1987). However, "[m]ere inconsistencies in testimony by government witnesses do not establish the government's knowing use of false testimony." Id.; see also United States v. Griffin, 194 F.3d 808, 818 (7th Cir. 1999) (finding that discrepancies in testimony given by cooperating drug dealers in defendant's first and second trials were mere inconsistencies in testimony that did not establish perjury or government's knowing use of perjured testimony, and thus did not warrant new trial).

Beasley alleges that John Geiger and Robert Barnes offered contradictory testimony so the Government knew that one of them was committing perjury. (Beasley's Mem. Supp. § 2255 Mot. 7.) He further alleges that Patricia Edmonds ("Edmonds") initially testified that she did not have a plea agreement and then later after being shown her plea agreement testified that she did have a plea agreement. (Id. 8.) Additionally, Edmonds indicated in a statement to law enforcement that she had drug dealings with Michael Grove and denied these drug dealings in her trial testimony. (Id.) Edmonds also testified that she was not cooperating to get a sentence reduction, "but she received a sentence reduction" after the trial. (Id.) At most, Beasley has

9

cited inconsistent testimony by certain government witnesses. Beasley has offered no evidence that the Government knowingly offered perjured testimony. Therefore, this claim is without merit.

Finally, Beasley alleges that the Government failed to provide Beasley with exculpatory evidence as required by Brady v. Maryland, 373 U.S. 83 (1963). Specifically, Beasley submits that he never received a copy of Edmonds' September 23, 2003 statement wherein she stated that she obtained drugs from Beasley on more than one occasion and had observed Beasley "giving drugs to his uncle, Ronnie Scott, on at least four occasions." (Beasley's Mem. Supp. § 2255 9.) According to Beasley, if he had received her September 23, 2003 statement, he "would have been prepared to attack her credibility, and could have shown that she had given the statement to get her bond reduced and to be released from jail." (Id.)

"A Brady violation occurs when the government fails to disclose evidence materially favorable to the accused." Youngblood v. West Virginia, 547 U.S. 867, 869 (U.S. 2006). Further,

> there is never a real " Brady violation" unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict. There are three components of a true Brady violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the [Government], either willfully or inadvertently; and prejudice must have ensued.

Strickler v. Greene, 527 U.S. 263, 281-82 (1999).

It is unclear whether Beasley received the September 23, 2003 statement prior to trial. However, even assuming that Beasley never received the statement, the September 23, 2003 statement is not exculpatory or impeaching. To the contrary, it is inculpatory indicating that

Beasley participated in several drug buys. Therefore, there is no evidence that the Government withheld any exculpatory evidence. In addition, there is no evidence of prejudice to Beasley. Moreover, Beasley has failed to show a reasonable probability that the suppressed evidence would have resulted in a not guilty verdict.

It is therefore

**ORDERED** that Beasley's § 2255 motion, docket number 642, is dismissed.

**IT IS SO ORDERED**.

                                          s/Henry M. Herlong, Jr.
                                          United States District Judge

Greenville, South Carolina
March 4, 2009

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.